UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA ANN CHILLE,
a/k/a Barbara Ann McMillin,

                        Plaintiff,

                                                       <u>DECISION AND ORDER</u>

                                                       00-CV-6571L

                        v.

UNITED AIRLINES,

                        Defendant.
_____

       On June 1, 2006, the Court issued an Order to Show Cause directing plaintiff to show cause why this action should not be dismissed, by virtue of an order entered by the Bankruptcy Court for the Northern District of Illinois, which confirmed defendant United Airlines, Inc.'s ("United") reorganization plan ("Plan") under Chapter 11 of the Bankruptcy Code. *See* Dkt. #56-2 at 4-9. The bankruptcy court's order had the effect of discharging and releasing United from any claims or causes of action (with certain specified exceptions that do not apply here) that arose prior to the confirmation date. *Id.* at 119-20. The Plan expressly provides that all entities who have claims against United are enjoined from "commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claim ... ." *Id.* at 123.

       Plaintiff has filed a response to this Court's Order to Show Cause, and United has filed a reply. Having considered the parties' submissions, I find that this action must be dismissed.

       First, plaintiff does not deny that she never filed a proof of claim with the bankruptcy court, either prior to or after the bar date for filing such claims that was set by the bankruptcy court. Under

the terms of the Plan, any untimely filed claims "shall be deemed disallowed and expunged as of the Effective Date" of the Plan. *Id.* at 102.[1] *See In re Trans World Airlines, Inc.*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice").

Moreover, the only argument advanced by plaintiff why this action should not be dismissed is that this case falls within the exception to discharge under 11 U.S.C. § 523(a)(6) for debts "for money, property, [or] services, ... to the extent obtained by ... false pretenses, a false representation, or actual fraud ... ." While it is not even clear how this could apply to plaintiff, who alleges only that United *terminated* her employment through fraud, it is well established that "§ 523(a)(1)'s discharge exceptions ... do *not* apply to corporate debtors." *In re Grothues*, 226 F.3d 334, 338 (5th Cir. 2000). *See also In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) ("§ 523 only applies to individual and not corporate debtors"). Thus, § 523 has no application to this case.

## CONCLUSION

The complaint is dismissed for the reasons stated in the body of this Decision and Order. Defendant's motion for summary judgment (Dkt. #37), defendant's motion to consolidate (Dkt. #46), and plaintiff's motion for summary judgment (Dkt. #41) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 8, 2006.

---

[1] United states that the Plan became effective on February 1, 2006, and plaintiff does not appear to contend otherwise.